UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

RYAN TURIZO,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

DOCTOR'S ASSOCIATES LLC,

    Defendant.

_____/

## NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a)

**PLEASE TAKE NOTICE** that Defendant Doctor's Associates LLC ("DAL" or "Defendant"), by and through its undersigned counsel, hereby files this notice of removal in the above-captioned action, currently pending in the Seventeenth Judicial Circuit in and for Broward County, Florida, as Case No. CACE-21-012011 18 (the "State Court Action"). This removal is made pursuant to 28 U.S.C. §§ 1331, 1441(a), and 47 U.S.C. § 227, *et seq.* Defendant provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). For the reasons set forth below, this Court has subject matter jurisdiction.

**I.  BACKGROUND**

1. On June 17, 2021, Plaintiff Ryan Turizo ("Plaintiff"), individually on behalf of himself and others similarly situated, filed a putative class action complaint (the "Complaint") against Defendant Doctor's Associates LLC in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The Complaint asserted a single count based on an alleged

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). A true and correct copy of the Complaint is attached as **Exhibit A**.

2. On June 21, 2021, Defendant was served with the Complaint. A true and correct copy of the Affidavit of Process Server is attached as **Exhibit B**.

3. On July 21, 2021, Plaintiff filed a First Amended Class Action Complaint ("FAC") which, in addition to the TCPA claim, asserts a new claim and additional class definition based on an alleged violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, arising out of the same facts underlying the TCPA claim. A true and correct copy of the FAC is attached as **Exhibit C**.

4. True and correct copies of all process, pleadings, and orders in the State Court Action that are not included in Exhibit A, Exhibit B or Exhibit C are attached as **Exhibit D**.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days after Plaintiff's service of the initial Complaint upon Defendant.

6. Nothing in this Notice of Removal shall constitute a waiver of Defendant's right to assert any defense. Defendant denies any liability to Plaintiff or to the putative class that he seeks to represent, denies that Plaintiff has stated a claim, and denies that Plaintiff is entitled to recover any of the relief requested in the Complaint.

**II.    VENUE**

7. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the location where the State Court Action was pending.

### III. JURISDICTION

#### A. Removal is Proper Because Plaintiff's Lawsuit Involves a Federal Question

8. This action is a civil action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed pursuant to 28 U.S.C. § 1441(a).

9. Specifically, the FAC alleges that Defendant sent unsolicited text messages to Plaintiff and other individuals who did not provide consent to receive such text messages, and have also registered their phone numbers on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). Compl. ¶¶ 1, 3, 10-12.

10. Federal courts have original jurisdiction over claims under the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (holding that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA"); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014) (ruling that jurisdiction over TCPA claim was "proper under the Federal-Question Statute, 28 U.S.C. § 1331").

11. Additionally, this Court has supplemental jurisdiction over the single state claim alleging violation of the FTSA. Pursuant to 28 U.S.C. § 1367(a), "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, Plaintiff's FTSA claim arises out of the same alleged text messages and conduct underlying the TCPA claim. Therefore, this Court has supplemental jurisdiction over the FTSA claim. *See, e.g.*, *Speidel v. Am. Honda Fin. Corp.*, No. 2:14–cv–19–FtM–38CM, 2014 WL 820703 (M.D. Fla. March 3, 2014) (denying plaintiff's request to remand state law claims arising under the Florida

Consumer Collection Practices Act and common law, and exercising supplemental jurisdiction on the basis that the state law and TCPA claims are all derived from the same alleged debt collection practices of the defendant).

### B.   The Complaint Alleges Facts that Establish Article III Standing

12. While a single text message may not confer Article III standing, *Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019), the Eleventh Circuit subsequently held that "[t[he receipt of more than one unwanted telemarketing call made in violation of the provisions enumerated in the TCPA is a concrete injury in fact that meets the minimum requirements of Article III standing." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1269 (11th Cir. 2019).

13. Plaintiff has alleged a concrete injury based on multiple texts and intangible harm. The Complaint alleges that "Defendant bombarded Plaintiff's cellular telephone" with multiple "text message solicitations" between October 19, 2020 and July 7, 2021, and that "Defendant's unsolicited text messages caused Plaintiff harm, including invasion of privacy, aggravation, and annoyance." FAC ¶¶ 10, 22. Further, the alleged texts "inconvenienced Plaintiff, caused disruptions to Plaintiff's daily life, caused Plaintiff to waste time dealing with Defendant's unsolicited text message calls, used Plaintiff's phone storage, and depleted Plaintiff's phone's battery." *Id.* ¶ 22. Accordingly, the Complaint establishes grounds for Article III standing.

### IV.   NOTICE

14. As required by 28 U.S.C. § 1446(d), Defendant will serve written notice of this Notice of Removal on Plaintiff, and Defendant will file a copy of this Notice of Removal with the clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

V.   **CONCLUSION**

WHEREFORE, for the foregoing reasons, removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441(a), and Defendant respectfully requests that this action, previously pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, proceed as if this case had been originally initiated in this Court.

Dated: July 21, 2021

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue
Suite 4400
Miami, FL 33131
Telephone: 305-579-0500
Facsimile: 305-579-0717

By: /s/ Mark A. Salky
MARK A. SALKY
Florida Bar No. 58221
salkym@gtlaw.com

*Attorneys for Defendant DOCTOR'S ASSOCIATES LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 21st day of July 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified below either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ Mark A. Salky
MARK A. SALKY

**Hiraldo P.A.**
Manuel S. Hiraldo, Esq.
401 East Las Olas Boulevard
Suite 1400

Ft. Lauderdale, FL 33301
Email: mhiraldo@hiraldolaw.com
*Attorneys for Plaintiff Ryan Turizo*